Michael Brooks, Esq. (7287)
HUTCHISON & STEFFEN, PLLC
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086
mbrooks@hutchlegal.com

*Attorneys for Concealed Coalition, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **NOAH THOMAS,** individually and on behalf of all other similarly situated,<br><br>**v.**<br><br>**CONCEALED COALITION, INC.**,<br><br>Defendant. | Case No. 2:24-cv-01062-JAD-MDC<br><br>**DEFENDANT CONCEALED COALITION, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF NOAH THOMAS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that *defendant* Concealed Coalition, Inc. ("CCI"), will, and hereby does, move the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set forth more fully in the accompanying Memorandum of Points and Authorities (the "Memorandum"), this motion seeks a dismissal of this action with prejudice on the ground that *plaintiff* Noah Thomas' ("Plaintiff") First Amended Complaint ("FAC") fails to state a claim against CCI upon which relief can be granted.

/ / /

/ / /

/ / /

This motion is based on the attached Memorandum, the pleadings, and papers on file herein, and upon such oral and documentary evidence as may be presented by the parties at the hearing.

Dated: September 4, 2024

HUTCHISON & STEFFEN, PLLC

*/s/ Michael Brooks*
Michael Brooks

Attorney for *Defendant Concealed Coalition, Inc.*.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's FAC still fails to state a plausible claim under the Internal Do Not Call ("DNC") provision of the Telephone Consumer Protection Act ("TCPA"), and it suffers from the same deficiencies as the original, warranting dismissal under Rule 12(b)(6) for two critical reasons.

First, Plaintiff alleges that CCI ceased sending text messages within a reasonable timeframe as mandated by law. Specifically, 47 C.F.R. § 64.1200(d)(3) provides a "reasonable" period—up to 30 days—to cease communications following a DNC request. Here, the texts in question were sent within just seven days of Plaintiff's opt-out request dated July 20, 2023. Plaintiff has failed to present any facts that would render this seven-day window "unreasonable." Without such allegations, this claim lacks plausibility and must be dismissed.

Second, FAC does not cure the deficiency of failing to plausibly allege that CCI sent telemarketing messages without proper procedural safeguards in place, as required by 47 C.F.R. § 64.1200(d). This failure to allege essential facts is fatal to Plaintiff's claim and further justifies dismissal under 12(b)(6).

In sum, even after amendment, the FAC does not cross the threshold of plausibility required by the TCPA and relevant regulations, necessitating its dismissal.

## II. FACTUAL ALLEGATIONS

Plaintiff alleges that CCI sent unsolicited text messages to his cellular phone ending in -3388, even after he requested the messages to stop on July 20, 2023. FAC at ¶¶ 8-9. Despite this request, CCI allegedly continued sending messages on July 25, 26, and 27, 2023, to solicit the sale of its goods and services. *Id*.

Plaintiff added allegations in his FAC that CCI deliberately ignored his “stop” instructions since those “stop” instructions were acknowledged by CCI. *Id*. at ¶¶ 14-

15.

Based solely on the premise that CCI took seven days to honor Plaintiff's DNC request, Plaintiff seeks to hold CCI liable under the TCPA's implementing regulation 47 C.F.R. 64.1200(d), alleging CCI failed to maintain a proper do-not-call list, implement necessary policies, or provide adequate training as required by 47 C.F.R. § 64.1200(d). *Id*. at ¶¶ 16-19, 25. The claim fails for the reasons set forth below.

## III. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678. Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008).

On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true …allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). While Rule 8(a) does not require detailed factual allegations, "it demands more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation'" to suffice. *Id*. (quoting *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be

plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret* Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Brandt v. Ocwen Loan Servicing, LLC,* 2017 WL 5878581, at *5 (E.D. Cal. 2017) (citing *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Therefore, a plaintiff is required to allege "*enough facts* to state a claim to relief that is plausible on its face." *Bell Atl. Corp*., 550 U.S. at 570 (emphasis added).

## IV. ARGUMENT—THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT BECAUSE HE DOES NOT PLAUSIBLY ALLEGE ANY VIOLATION OF THE TCPA.

### A. Plaintiff's Alleged DNC Request Was Honored Within A Reasonable Timeframe.

Section 64.1200(d)(3) provides that "[p]ersons or entities making [telemarketing calls]…must honor a residential subscriber's do-not-call request within a ***reasonable time*** from the date such request is made. This period may not exceed 30 days from the date of such request." 47 C.F.R. 64.1200(d)(3) (emphasis added). In other words, a defendant is granted a "reasonable time," not exceeding thirty days, to honor a residential subscriber's DNC request. *Id*.

This provision has been interpreted by courts to mean what it says—that a defendant has thirty days to comply with a consumer's DNC request. *See Crews v. Sun Sols. AZ LLC,* No. CV-23-01589-PHX-DWL, 2024 WL 2923709, at *6-7 (D. Ariz. June 10, 2024) (finding that "the two text messages sent 11 days later were not actionable because they were sent during the 30-day grace period following [the p]laintiff's seller-specific do-not-call request"); *Orsatti v. Quicken Loans, Inc*., No. 2:15-CV-09380 (SVW) (AGR), 2016 WL 7650574, at *7 (C.D. Cal. Sept. 12, 2016)

(granting the defendant's motion to dismiss where the plaintiff failed to allege any calls more than 30 days after the plaintiff requested not to be contacted); *Aussieker v. TSHB, LLC*, No. 222CV01886DADCKDPS, 2024 WL 379394, at *4 (E.D. Cal. Feb. 1, 2024), *report and recommendation adopted*, No. 222CV01886DADCKDPS, 2024 WL 870449 (E.D. Cal. Feb. 29, 2024) ("Plaintiff alleges that defendant violated 47 C.F.R. § 64.1200(d)(3), which requires that persons or entities making these calls place a telephone subscriber's phone number on an internal do-not-call list within 30 days of the subscriber's do-not-call request. 47 C.F.R. § 64.1200(d)(3). This allegation is not adequately pleaded, as plaintiff has not alleged that he received a phone call after his request and after the thirty-day grace period provided for in the regulation."); *Southwell v. Mortg. Invs. Corp. of Ohio*, No. C13-1289 MJP, 2013 WL 6049024, at *4 (W.D. Wash. Nov. 15, 2013) (stating that "the federal regulations allow a thirty-day grace period from enforcement of an individual's company-specific do-not-call request"); *Wagner v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1198 (M.D. Fla. 2014) (characterizing the provision as a "30–day grace period"); *Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046, 1065 (D. Or. 2014) (same); *Doyle v. JTT Funding, Inc.*, No. LACV1806145JAKASX, 2019 WL 13037025, at *9 (C.D. Cal. Dec. 2, 2019) (same). Given this interpretation, a plaintiff must allege unauthorized communications that occur beyond this thirty-day window to sustain a claim under Section 64.1200(d)(3). The absence of such allegations, thus, warrants immediate dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Orsatti*, 2016 WL 7650574 at *7.

CCI's concedes, however, that some courts have found a "reasonable time" to mean less than 30 days. *Gill v. Align Technology, Inc.*, 2022 WL 1540016 (E.D. Wisc. .May 16, 2022) (finding that a one-hour delay may be unreasonable where the opt-out occurred via text and an hour later—seemingly in response to the opt-out request—the defendant called the plaintiff); *Buja v. Novation Cap., LLC*, No. 15-

81002-CIV, 2017 WL 10398957 (S.D. Fla. Mar. 31, 2017) (finding that a three-week delay in honoring a DNC request was a question of fact for the jury); *Martin v. Comcast Corp.*, No. 12 C 6421, 2013 WL 6229934, at *6 (N.D. Ill. Nov. 26, 2013) (declining to decide whether one to two weeks for a telemarketer to honor a plaintiff's DNC request was reasonable). As it is Plaintiff's burden to demonstrate a plausible claim, however, CCI's submits 30 days ought to form the presumptive limit at the pleadings stage absent factual allegations that less time is warranted.

A Ninth Circuit court, however, has recently held that the regulation allows a ***grace period*** of up to thirty days to process DNC requests and emphasized that any action within this period would likely be deemed reasonable, unless exceptional circumstances suggested otherwise. *Crews*, 2024 WL 2923709 at *6-7. In *Crews*, the court deemed an 11-day period to honor a DNC request reasonable. *Id.*

CCI's actions align perfectly with the requirements of Section 64.1200(d)(3). The regulation provides a "reasonable time"—up to thirty days—for a company to comply with a DNC request. CCI acted well within this window, ceasing all communications just seven days after receiving the DNC request on July 20, 2023. FAC at ¶¶ 8-9. This is not only compliant but demonstrates a prompt and responsible response by CCI.

Plaintiff's attempt to allege a violation based on text messages received on July 25, 26, and 27, 2023, is fundamentally flawed. These messages were sent well within the thirty-day period explicitly allowed by the regulation. The law is clear: compliance within thirty days is considered reasonable, and courts, including in *Crews*, have consistently upheld this standard.

Plaintiff has not, and cannot, allege any communications that occurred outside this thirty-day window. Without such allegations, Plaintiff's claim under Section 64.1200(d)(3) lacks any legal basis. CCI's timely response fully complies with the TCPA, and Plaintiff's complaint should be dismissed for failing to plausibly allege

any violation.

**B. Plaintiff Fails To Plausibly Allege That CCI Does Not Follow The Requisite Safeguards Prescribed by 47 C.F.R. 64.1200(d).**

Section 64.1200(d)(3) "requires the institution of certain procedures prior to the initiation of telemarketing calls." *Simmons v. Charter Commc'ns, Inc*., 222 F. Supp. 3d 121, 139 (D. Conn. 2016) (citation omitted), aff'd, 686 F. App'x 48 (2d Cir. 2017). To plausibly allege a violation of Section 64.1200(d)(3), the plaintiff must furnish sufficient factual allegations that plausibly suggest the defendant lacks the requisite safeguards mandated by the regulation. *Id.* ("[I]n order to prove a subsection (d)(3) violation, a plaintiff cannot rely solely on the fact that a provider failed to record or honor an individual's request to be placed on a DNC list. Rather, the plaintiff must establish that the calls he or she received were initiated prior to the implementation of proper procedures."); *Dahdah v. Rocket Mortg., LLC*, No. 22-11863, 2023 WL 5941730, at *4 (E.D. Mich. Sept. 12, 2023) (dismissing a TCPA internal DNC claim where the plaintiff failed to allege anything more than that he was called after making a do not call request); *Nece v. Quicken Loans, Inc*., No. 8:16-CV-2605-T-23CPT, 2018 WL 1326885, at *8 (M.D. Fla. Mar. 15, 2018) ("An isolated failure to timely record a do-not-call request establishes no genuine dispute whether Quicken called Nece before instituting a sufficient do-not-call policy."); *Buja v. Novation Capital, LLC*, No. 15-81002-CIV, 2017 WL 10398957, at *4 (S.D. Fla. Mar. 31, 2017) ("[I]n order to prove a subsection (d)(3) violation, a plaintiff cannot rely solely on the fact that a provider failed to record or honor an individual's request to be placed on a DNC list. Rather, the plaintiff must establish that the calls he or she received were initiated prior to the implementation of proper procedures.").

Here, the only fact Plaintiff has alleged to support his claim that CCI did not have the mandated safeguards in place is that CCI continued to send messages seven days after his DNC request—a duration well within the 30-day allowable window set

by 47 C.F.R. § 64.1200(d)(3). FAC at ¶¶ 8-9. Plaintiff asserts that he repeatedly instructed CCI to stop contacting him, beginning on July 20, 2023, yet continued to receive messages on July 25, 26, and 27, 2023. *Id*. While Plaintiff claims these messages violated the TCPA, he fails to allege any facts suggesting that CCI lacked a compliant internal DNC policy or failed to implement the necessary procedures.

Merely pointing to the continuation of messages within the seven-day period does not indicate a systemic failure by CCI to maintain the required safeguards. As established in *Simmons* and other relevant case law, an isolated instance of not honoring a DNC request within the allowable time frame does not constitute a violation of Section 64.1200(d)(3). *Simmons*, 222 F. Supp. 3d at 139.

Plaintiff's allegations are further undermined by the absence of any concrete facts showing a pattern or practice of non-compliance by CCI. Instead, Plaintiff's claim is built on the receipt of a few text messages within a week of making a DNC request, which, by the regulation's standards, is entirely reasonable and does not plausibly suggest a violation. FAC at ¶¶ 11-13. Without additional facts indicating that CCI failed to implement or maintain the required DNC policies and procedures, Plaintiff's claim cannot meet the threshold for plausibility as set forth in *Iqbal* and *Twombly*.

Since Plaintiff has not alleged any facts showing that CCI's telemarketing efforts were undertaken without established DNC policies and procedures, his claim must be dismissed as it fails to meet the plausibility threshold required by *Iqbal* and *Twombly*.

/ / /

/ / /

/ / /

/ / /

/ / /

## V. <u>CONCLUSION</u>

For the foregoing reasons, CCI respectfully requests that the Court dismiss Plaintiff's FAC as it fails to state a claim upon which relief can be granted.

HUTCHISON & STEFFEN, PLLC

Dated: September 4, 2024

*/s/ Michael Brooks*
Michael Brooks

Attorney for *Defendant Concealed Coalition, Inc.*.

# CERTIFICATION

I hereby certify that on September 4, 2024, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Cindy Simmons*
Cindy Simmons